Hon. Martin A. Shapiro City Attorney, Ithaca
You have asked for our opinion concerning a proposal by the City of Ithaca to adopt an ordinance limiting parking in certain residential areas to residents and their guests.
The Vehicle and Traffic Law, recodified by chapter 775 of the Laws of 1959, states that its provisions are to be applicable and uniform throughout the State and that no local authority may have any regulation in conflict with that law "unless expressly authorized herein". (§ 1600.) Section 1604 provides that local authorities have no power to require a "permit for the use of the public highways" or to exclude any owner or operator of a motor vehicle from the "free use of such public highways".
Section 1640 of Article 39, "Regulation of traffic by cities and villages", expressly authorizes cities and villages to adopt parking regulations but the only express authorization that can be read to allow a permit system is paragraph 15 of subdivision (a); the paragraph is applicable, however, only in the City of Albany. Paragraph 9 permits cities and villages to regulate parking by using parking meters. These are the only express authorizations to vary from the prohibition against local authorities requiring permits to use public highways or excluding anyone from the free use of the highways.
Paragraph 6 of subdivision (a) of section 1640 is a broad delegation to local authorities to "[p]rohibit, restrict or limit the * * * parking of vehicles". Paragraph 16 of the same subdivision is an omnibus clause permitting additional "reasonable" regulations with respect to traffic but "subject to the limitations contained in the various laws of this state". In light of the severe restrictions on local power contained in sections 1600 and 1604 as set out earlier, neither of these paragraphs can be read as an express authorization for a permit system limiting parking on residential streets to residents and their guests.
The foregoing analysis of the limits on the power delegated to cities and villages under section 1640 of the Vehicle and Traffic Law is supported by several court cases and previous opinions of this office. See People v Greeman, 137 N.Y.S.2d 388 (Westchester County Ct, 1952); People ex rel Village of Larchmont v Gilbert, 137 N.Y.S.2d 389 (Westchester County Ct, 1954) affirmed without opinion, 307 N.Y. 773
(1954); our informal opinion of March 29, 1979 (copy enclosed); and the following printed informal opinions: 1971, p. 134; 1970, p. 129; 1969, p. 148; and 1966, p. 106.
You mention a newspaper account of the United States Supreme Court case of County Board of Arlington County, Virginia v Richards, 434 U.S. 5
(1977). In that case the Court held that a zoning ordinance restricting parking in residential neighborhoods to residents with permits did not violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. For present purposes that case is irrelevant. All it tells us is that if the Legislature permitted such a permit system in New York and if a city adopted an ordinance so restricting parking, a non-resident would not prevail in litigation invoking the United States Constitution.